**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**FILED**
NOV -3 2010
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| OSSIE ROBERT TRADER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 10-1881 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements.

Petitioner alleges that Eric Holder, United States Attorney General, caused the



termination of a motion to dismiss the criminal indictment for violation of the Speedy Trial Act, *see* 18 U.S.C. § 3171, without clear authority to do so. Petitioner seeks a writ of mandamus directing the Attorney General to remove the offending docket entry.

The petition will be dismissed because petitioner fails to demonstrate his clear right to relief, the Attorney General's clear duty to act, and the lack of any other remedy. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
United States District Judge

Date: 10/25/10